**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FRANK SALDATE,** )<br>         )<br>         **Petitioner,** )<br>         )<br>    v.   )<br>         )<br>         )<br>**A. K. SCRIBNER, WARDEN,** )<br>         )<br>         **Respondent.** )<br>_____ ) | **CV F 04-5995 AWI WMW HC**<br><br>**FINDINGS AND**<br>**RECOMMENDATIONS RE**<br>**PETITION FOR**<br>**WRIT OF HABEAS CORPUS** |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL HISTORY**

A judgment of the State of California, County of Fresno, was imposed on Petitioner on August 16, 2001, following his no contest plea to possession of a firearm by a felon (Penal Code § 12021(a)(1), and his admission that he was out on bail or his own recognizance during the time the alleged robberies occurred (Section 12022.1). Further, a

jury found Petitioner guilty of two counts of robbery (Section 211), and found the personal use of firearm enhancement true. As a result of his convictions, the court sentenced Petitioner to serve a total prison term of twenty-one years.

Petitioner filed a direct appeal with the California Court of Appeal ("Court of Appeal") which affirmed his conviction in an unpublished decision issued April 29, 2003. Petitioner filed a petition for review with the California Supreme Court, which denied the petition on June 11, 2003.

Petitioner filed a petition for writ of habeas corpus with the Fresno County Superior Court, which denied the petition on October 15, 2003. He filed a petition for writ of habeas corpus with the Court of Appeal, which denied the petition on February 19, 2004. Petitioner filed a second petition with Fresno County Superior Court, which the court denied on December 17, 2003.

Respondent concedes that Petitioner has exhausted all of the claims in the present petition by presenting those claims to the California Supreme Court.

## STATEMENT OF FACTS

The court finds the Court of Appeal correctly summarized the facts in its April 29, 2003 opinion. Thus, the court adopts the factual recitations set forth by the Court of Appeal.

## LEGAL STANDARD

A. JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has

1  jurisdiction over the action.

2  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on July 22, 2004, after the enactment of the AEDPA, thus it is governed by its provisions.

B.  STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Use of Prior Juvenile Adjudication as "Strike"

Petitioner contends that the trial court failed to make a finding as to truth in regard to his juvenile adjudication, and that this failure invalidates the use of that adjudication as a prior under the Three Strikes law. Petitioner's claim is based on California Penal Code Section 1158, which provides:

> Whenever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he is charged, the jury, or the judge if a jury trial is waived, must unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction. The verdict or finding upon the charge of previous conviction may be: "We (or I) find the charge of previous conviction true" or "We (or I) find the charge of previous conviction not true," according as the jury or the judge find that the defendant has or has not suffered such conviction. If more than one previous conviction is charged a separate finding must be made as to each.

Habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68(1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985). Federal habeas review limited

4

1  to a determination of whether the alleged error of state law "so infected the trial with

2  unfairness as to deny due process of law". Estelle v. McGuire, 502 U.S. at 72.  Thus, to the

3  extent that Petitioner's contention is based on California law, it cannot provide a basis for

4  habeas corpus relief.

5      In his reply, Petitioner argues for the first time that the trial court's use of his

6  juvenile adjudication as a prior under the Three Strikes law violated his right to due process.

7  In addressing Petitioner's contention regarding this prior adjudication, the Court of Appeal

8  held in part as follows:

> In proving a prior strike conviction, the prosecution must prove that the defendant is the person who suffered the prior conviction, and that the prior conviction in fact qualified as a strike. [Citation omitted.] Here, the trial court was present with evidence establishing that Frankie Saldate, Jr., had suffered a prior adjudication for robbery as a juvenile and with evidence establishing that [Petitioner] was the same Frankie Saldate, Jr., described in the records. [Petitioner] did not contest that he was indeed the person who had suffered the prior adjudication. However, [Petitioner] did dispute whether his prior juvenile adjudication qualified as a prior strike.  While the trial court never explicitly stated that it had found the prior strike allegation true, that ruling was implied from the fact that the trial court sentenced [Petitioner] pursuant to the "Three Strikes" Law.
> 
> The trial court specifically denied [Petitioner's] *Romero* motion stating that the prior adjudication qualified as a strike.  As to the identity issue, after the hearing on the prior strike the trial court stated it wanted counsel to submit a declaration from [Petitioner] regarding his prior offense.  Specifically the court wanted
>> "to know whether he was represented by Counsel, I want to know whether the Court and/or his attorney that represented him, what, if anything they advised him about the consequences of that admission, I want to know whether he was told that the admission would have any effect on him as an adult.
>
> The court's comments clearly indicate that the court had determined [Petitioner] suffered the prior juvenile adjudication.  At the initial sentencing hearing, the trial court vacated its sentence because the probation report did not take into account [Petitioner's] prior strike.  At the subsequent sentencing hearing the trial court stated that it had read and considered the probation officer's report.  That report noted that it had been prepared to reflect the fact that the trial court previously found [Petitioner's] robbery adjudication constituted a strike within the meaning of the "Three Strikes" law.  During the hearing, the trial court denied [Petitioner's] motion to strike his prior strike.  In argument to the court, the prosecutor noted that [Petitioner] had a prior strike for robbery.  Based on the entire record, we conclude the trial court implicitly found the prior strike to be true.  Thus, we reject [Petitioner's] claim.

25  Unpublished Court of Appeal Opinion, 11 -12.  The Court of Appeal's conclusion that the

26  trial court had implicitly found the prior strike to be true is a factual finding.  As set forth

5

above, the state court's factual determinations must be presumed correct, and this court must accept all factual findings made by the state court unless Petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This court finds that Petitioner has not carried that burden in regard to this contention. Petitioner having demonstrated no error on the part of the Court of Appeal, this court must find that he has not shown a violation of his right to due process. Accordingly, this contention provides no basis for habeas corpus relief.

CALJIC No. 17.41.1

Petitioner argues that in instructing the jury with CALJIC 17.41.1, the trial court deprived him of his Constitutional right to trial by an impartial jury. Respondent disputes this contention.

A challenge to a jury instruction solely as an error under state law does not state a claim cognizable in a federal habeas corpus action. See, Estelle v. McGuire, 502 U.S. 62, 71-72 (1991). To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. See, id. at 72. Additionally, the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. Id. The court must evaluate jury instructions in the context of the overall charge to the jury as a component of the entire trial process. See, United States v. Frady, 456 U.S. 152, 169 (1982) (citing Henderson v, Kibbe, 431 U.S. 145, 154 (1977)). Furthermore, even if it is determined that the instruction violated the petitioner's right to due process, a petitioner can only obtain relief if the unconstitutional instruction had a substantial influence on the conviction and thereby resulted in actual prejudice under Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710 (1993) (whether the error had a substantial and injurious effect or influence in determining the jury's verdict.). See, Hanna v. Riveland, 87 F.3d 1034, 1039 (9th Cir. 1996). The burden of demonstrating that an erroneous

6

instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Id.

In the present case, Petitioner has failed to carry his burden of demonstrating that the state courts' resolution of his contention based on CALJIC No. 17.41.1 "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  Petitioner's contention that his right to trial by jury was violated by the giving of the instruction is foreclosed by Brewer v. Hall, 378 F.3d 952, 957 (9th Cir.2004), in which the Ninth Circuit affirmed district court's denial of relief because there is no clearly established federal law holding that CALJIC 17.41.1 violates an existing constitutional right.  Accordingly, this claim presents no basis for habeas corpus relief.

Sufficiency of Evidence

Petitioner contends that there was insufficient evidence to support his conviction of robbery of Lori Miller, a bank employee.  Specifically, Petitioner claims that Miller was not in either actual or constructive possession of the cash which was taken from Pombo's cash drawer.  Respondent disputes this contention.

The law on insufficiency of the evidence claim is clearly established.  The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Sufficiency claims are judged by the elements defined by state law. Id. at 324 n. 16.

In Petitioner's direct appeal, the Court of Appeal explained Petitioner's claim as follows:

> [Petitioner] does not dispute that cash was taken from Pombo's cash drawer, and that in the process force or fear was applied to both Pombo and Miller. Rather, [Petitioner] argues that Miller was not in possession of the stolen money. This is because she had no key to Pombo's cash drawer and was not responsible for accounting for the cash in Pombo's drawer.

Unpublished Opinion, 12. The Court of Appeal defined the issue as "whether there was sufficient evidence for the jury to determine that Miller was in constructive possession of the cash in Pombo's drawer." Id. At 12 -13. The Court of Appeal found that Miller did have constructive possession of the cash in Pombo's drawer, after concluding that in this type of case, the issue was whether the employee is in representative capacity to the owner of the business. Id. at 13 -14.

The Court of Appeal thus ruled on Petitioner's contention based on the interpretation of state law concerning constructive possession. As set forth above, habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68(1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985). Further, even if this court were to find that Petitioner has stated a federal claim, which he has not, Petitioner provides no discussion of any allegedly unreasonable application of federal law or unreasonable determination of the facts by the Court of Appeal. See  28 U.S.C. § 2254(d). Accordingly, this court must conclude that Petitioner's contention provides no basis for habeas corpus relief.

Ineffective Assistance of Counsel

Petitioner contends that he was denied his right to effective assistance of counsel, because his trial counsel did not object to Pombo's and Miller's in-court identifications of Petitioner. Petitioner claims that their in-court identifications were tainted by an impermissibly suggestive one-person field showup  procedure. Respondent disputes this contention.

The Court of Appeal found as follows in regard to the facts:

> The testimony established Pombo and Miller were taken separately to a location a short distance away from the scene of the robbery to view two suspects. The identification took place approximately two hours after the robber occurred and each witness viewed each suspect individually. Accordingly to Officer Torres, he instructed both Pombo and Miller that they would be viewing two men who may or may not have been responsible for the robbery and that they were under no obligation to make an identification. In addition, they were informed that the men may be handcuffed and in patrol cars and that was not to influence their decision in any way. When Pombo arrived, she first viewed Membreno. Pombo stated that he was the man that had jumped over the counter and then upon reflection stated she was not sure of her identification because the man she viewed appeared too large to be the jumper. Pombo later testified that the man she viewed was the man who stood next to the counter. Pombo next viewed [Petitioner] and immediately identified him as the man who wore the white sweatshirt. She was certain about her identification.
> Miller also viewed Membreno and [Petitioner] in the field. She could not positively identify the first man she saw (Membreno), although she stated that he looked similar to the jumper or the man in the grey sweatshirt by the counter. When she viewed [Petitioner], Miller identified him as the man by the door. She identified him by his clothing and his build. According to Officer Torres, when Miller saw [Petitioner] she stated "yeah, that's him, damn right."
> Both Pombo and Miller were asked to make in-court identifications of their assailants. Pombo pointed out [Petitioner] as the man who wore the white sweatshirt and Membreno as the man who stood by the counter. Miller identified [Petitioner] as the man who stood by the door during the robbery. [Petitioner] stood while she made her identification allowing Miller to observe his height and build. Miller did not identify Membreno.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States

9

v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable.  Strickland, 466 U.S. at 688.  The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness.  Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).  Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000).  Weighall v. Middle, 215 F.3d 1058, 1062 (2000).

Courts assess the constitutionality of field identifications, like other highly suggestive lineup procedures, considering the totality of the circumstances.  Carmona v. City of Costa Mesa, 102 Fed.Appx. 74 (C.A. 9, 2004) (citing. Neil v. Biggers, 409 U.S. 188, 199 (1972)).

10

Applying the Strickland standard, the Court of Appeal defined Petitioner's claim as that the single person showup in this case was unnecessarily suggestive. It then reviewed the totality of the circumstances as follows:

> In the present case [Petitioner] has failed to point to anything which made the in-field identification unnecessarily suggestive. His only complaint is that the identification procedure allowed the witnesses to view the suspects' faces unobstructed. However, that would be true of any identification procedure. [Petitioner] has failed to demonstrate how the identification procedure was suggestive in any way.
>
> The witnesses were given an admonition prior to viewing the suspects and were advised that the men they were about to view may or may not be the perpetrators. Upon viewing [Petitioner], both Miller and Pombo identified him as the man who stood next to the door and wore the white sweatshirt. During her testimony, Miller stated she could see the cheekbones and the area around the eyes of the man who wore the white sweatshirt. Both witnesses described the height, build, and clothing worn by each of the men in the robbery. Miller identified [Petitioner] as the man who wore the white sweatshirt during the in-field showup and in court.
>
> [Petitioner] contends that Miller and Pombo identified him by his facial features in the courtroom, and thus argues that the in-court identification must have been based upon her memory of viewing him during the showup and not upon her memory of the men during the crime. [Petitioner's] argument is nothing more than pure speculation. Nothing in the record demonstrates that Miller or Pombo made their in-court identification of [Petitioner] based upon his facial features that were covered during the robbery. Because [Petitioner] has failed to demonstrate that a challenge to the in-field identification would have been successful, his ineffective assistance of counsel claim fails.

Unpublished Opinion, 16 -18.

The court finds that Petitioner has failed to carry his burden of establishing that this decision by the Court of Appeal "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The Court of Appeal correctly applied the controlling federal law as set forth in Strickland and Neil, and Petitioner has not demonstrated that the Court of Appeal's interpretation of the facts was unreasonable. As the Court of Appeal found, Petitioner's claim that the in-court identifications were based on the showups is simply speculation. Accordingly, the court finds that this claim provides no basis for habeas corpus relief.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) The petition for writ of habeas corpus be DENIED; and

2) The Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. Section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 28, 2006**          **/s/  William M. Wunderlich**
mmkd34                                                UNITED STATES MAGISTRATE JUDGE

12